Winfield v. The State.

———o❦o———

WINFIELD *v.* THE STATE.

An indictment is good, if it clearly charges all the facts and circumstances which constitute the offense under the statute.

An indictment not to be quashed, or a new trial granted where dates are given in figures instead of words.

An assault with intent to commit bodily injury, not justifiable by "considerable provocation," if the circumstances show "an abandoned and malignant heart."

Where there was evidence before the jury upon every material charge and specification in the indictment, a new trial should not be granted on the ground of insufficient proof.

ERROR *to Scott District Court.*

*Opinion by* GREENE, J. Indictment for an assault with intent to inflict a bodily injury. The jury found the defendant guilty, and assessed his fine at fifty dollars. The

court fixed the time of imprisonment at six months. Motion to arrest judgment and grant a new trial overruled.

It is now claimed that the court erred in overruling this motion. 1. It is urged that indictment is bad even after verdict. The only objection we can see in the indictment is its great length. It sets forth with much minuteness the circumstances and nature of the crime. It contains all that our statute requires, and an unnecessary intermixture of common law prolixity; still all the facts and circumstances which constitute the offence under the statute are distinctly stated, and that is all the law requires. But it is objected that the dates are given in figures instead of being written. It has already been decided by this court that when figures are used they do not vitiate the indictment. *State* v. *Seamons*, 1 G. Greene 418. The fact that figures are used in an indictment would not justify even a motion to quash, much less a motion in arrest of judgment.

2. It is urged that the evidence in the case shows that there was such considerable provocation, as to justify the assault, under the statute. Rev. Stat. 169 § 20. Although there might be considerable provocation, still, "when the circumstances of the assault show an abandoned and malignant heart, it would neverthelesss be a high misdemeanor, under the statute, and justify the verdict. These specifications are in the alternative. If the assault is made without the one or with the other, the offence is committed; or if made without the one and with the other the offence becomes the more aggravated. There was evidence before the jury applicable to both specifications, and upon that evidence the jury found the defendant guilty.

As there was evidence before the jury upon every material charge and specification in the indictment, as it was the peculiar province of the jury to decide upon the facts proved by that evidence, and as the facts charged in the indictment clearly make out the offence, it necessarily

follows that the court below could not, with propriety, inter-
fere with the province of the jury by setting aside the ver-
dict and granting a new trial.

*John P. Cook*, for plaintiff in error.

*Alex. W. McGregor*, for the State.